Milligan, J.,
delivered the opinion of the court:
The validity of the contract on which this action is founded is called in question by the Assistant Attorney-General, for want of authority at its date, in the assistant special agent of the Treasury, to bind the United States in such contract. It might be interesting to trace the power of such agents, and to determine the limit of their authority, from time to time, under the rules and regulations of the Treasury Department; but this can scarcely be necessary in the view we have taken of this case.
It is proper, however, in passing, to say that the authority of the agent is claimed under Article Nil of the Treasury regulations of September 11,1865, and denied under the circular letters of the Secretary of the Treasury of the 27th of June and the 22d of July following.
But without deciding this question, it may be assumed, for the purposes of this case, that the assistant special agent, with the approval of the supervising agent at New Orleans, had the lawful authority to make the contract set forth at length in the findings of the court. But do the papers set out and relied on as the foundation of this suit constitute a valid and completed agreement, such as this court can enforce? If the contract is incomplete, the work performed under it was without authority, and the Government is responsible only to the extent of the benefit conferred.
The paper brought into court, and filed by the claimants as the contract under which they acted, bears date the 10th of November, 1865; and although they appear to have acted *538 under it, its validity is made contingent on the approval of the supervising special agent at New Orleans. He does approve it, but long after the cotton was brought in under it, and subject to the approval of the Secretary of the Treasury, which is not shown in this record ever to have been obtained.
The condition on which the claimants have made the contract to depend has never been fulfilled, either actually or constructively. Had the cotton been sold and the .proceeds paid into the Treasury, it might be regarded as a recognition of the contract under which it was collected, and a constructive ratification thereof. But this was not even done or prevented from being done by any authorized act of the Government.
The contract being incomplete, and no benefit resulting to the United States from its alleged fulfillment, there is no legal or equitable right of recovery.
Coupled with this view of the case, another and perhaps more serious question arises out of the facts. The Act March 12, 1863, and the regulations of the Treasury made pursuant thereto, contemplate that each lot of captured or abandoned cotton collected and sold by the special agents should, as near as practicable, be made to bear the expenses incurred in its collection and sale; and when it once reached the hands of the agents their duty was to appropriate it to xiublic use on due appraisement and Certificate, or to forward it to a place of sale, there to be sold to the highest bidder, and the proceeds paid into the Treasury. General May, after it reached the hands of the Treasury agent, had no lawful power to wrest it out of his hands, and to turn it over to the lawful owner. His act in doing so (although evidently prompted by the purest motives) was arbitrary and unlawful; and on that account the United States, on well settled principles, are not answerable for it. Vanpelt & Co.'s Case, (6 C. Cls. R., p. 103;) Spencer’s Case, (ante;) Story on Agency, § 307.
The unlawful act of General May constitutes the real and only breach of the contract complained of, and the Government, being in no way responsible for it, cannot be held liable for the services rendered under the alleged agreement, which conferred no benefit whatever upon the United States.
On general principles, if the contract, on further examination, should turn out to be valid under the rules and regulations of the Treasury Department, General May might be held respon *539 sible to the claimant; but be is probably protected by the act of July 27,1SGS.
The vouchers resting on the allege 1 contract must fall with it.
Petition dismissed.
Loring, J., did not sit at the trial of this case, and took no part in the decision.